UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHONES PLUS, INC., Plan Administrator ) <br> Of the Phones Plus Retirement Savings Plan, ) <br> On Behalf of Itself and All Others Similarly ) <br> Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE HARTFORD FINANCIAL SERVICES ) <br> GROUP, INC., HARTFORD LIFE INSURANCE ) <br> COMPANY and NEUBERGER BERMAN ) <br> MANAGEMENT, INC., ) <br> ) <br> Defendants. ) | Civil Action No. 3:06-cv-01835(AVC) <br><br><br><br><br><br><br><br><br><br><br> May 4, 2007 |

**NEUBERGER BERMAN MANAGEMENT INC.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

The Defendant, Neuberger Berman Management Inc. ("Neuberger Berman"), through the undersigned counsel, hereby moves the Court for an Order dismissing the Amended Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). A Memorandum of Law (with exhibits) is filed herewith and incorporated herein by reference.

**ORAL ARGUMENT REQUESTED**

Neuberger Berman Management Inc. ("Neuberger Berman") should not be a party to this action. Plaintiff Phones Plus, Inc. ("Phones Plus"), an employer and trustee of the Phones Plus Retirement Savings Plan (the "Plan"), makes claims against Hartford Life Insurance Company ("The Hartford") and its affiliate under the Employee Retirement Income Security Act of 1974 ("ERISA"). As service provider to the Plan, The Hartford entered into a group annuity contract with Phones Plus that offered a "menu" of different mutual funds for the benefit of Plan participants. Phones Plus now alleges that The Hartford received undisclosed fees from some of those mutual funds in violation of ERISA and to the detriment of the Plan.

Neuberger Berman was not a party to the contracts between Phones Plus and The Hartford and is not alleged to have shared in, or even to have known about, the allegedly improper payments that The Hartford supposedly received. Its sole function as investment advisor to the Plan -- in exchange for a modest fee of $400 a year -- was to evaluate the demographic profile of the employee participants in the Plan and recommend suitable mutual funds from those already included in The Hartford's pre-established menu of funds.

Plaintiff, however, alleges that Neuberger Berman somehow took on a broad, extra-contractual, and entirely implicit duty to investigate and report on all the fees and expenses that The Hartford received in connection with the services The Hartford provided to the Plan, and a duty to advise Phones Plus as to whether The Hartford was receiving "excessive" compensation. Plaintiff offers no authority for the proposition that Neuberger Berman possessed any such duty.

As discussed in greater detail in the memorandum of law, Neuberger Berman's duties were limited to the specific functions -- namely, investment advisory services -- that it agreed to undertake on behalf of the Plan. The Plan's complaint is with The Hartford, which allegedly received the improper payments, and perhaps with the Plaintiff, which could be subject to its

own allegations of breach of fiduciary duty.  The Amended Complaint fails to state a claim against Neuberger Berman.

**WHEREFORE**, Defendant Neuberger Berman respectfully requests that the Court enter an Order dismissing the Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

By: _____

John Droney (ct10906)
David A. DeBassio (ct24365)
Levy & Droney P.C.
Pondview Corporate Center
74 Batterson Park Road
Farmington, CT  06032
(Tel):  (860) 676-3000
(Fax):  (860) 676-3200

Joseph T. Baio
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY  10019
(Tel):  (212) 728-8203
(Fax):  (212) 728-9203
jbaio@willkie.com

Attorneys for Defendant Neuberger Berman Management Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that on May 4, 2007, a copy of the foregoing Motion To Dismiss The Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic fling system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

John F. Droney, Esq. (ct10906)
David A. DeBassio, Esq. (ct24365)
LEVY & DRONEY, P.C.
74 Batterson Park Road
Farmington, CT 06032
Tel: 860-676-3000
Fax: 860-676-3200
E-mail: jdroney@ldlaw.com
   ddebassio@ldlaw.com

U:\WPC\Lit\DAD\DRONEY\NEUBERBER BERMAN MANAGEMENT\NB Motion to Dismiss_1.DOC