```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PHONES PLUS, INC.,              :
     Plaintiff,                 :
                                :
v.                              :     Civil No. 3:06CV01835(AVC)
                                :
THE HARTFORD FINANCIAL          :
SERVICES GROUP, INC.;           :
HARTFORD LIFE INSURANCE         :
COMPANY; and NEUBERGER BERMAN   :
MANAGEMENT, INC.,               :
     Defendants.                :
```

### RULING ON THE DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT

This is an action for damages and equitable relief. It is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. The plaintiff, Phones Plus, Inc. ("Phones Plus"), alleges that the defendants, Hartford Financial Services Group, Inc. ("HFSG"), Hartford Life Insurance Company ("Hartford Life") (HFSG and Hartford Life, collectively, "Hartford"), and Neuberger Berman Management, Inc. ("Neuberger"), are liable to Phones Plus under ERISA, in light of various revenue sharing agreements that Hartford entered into with several mutual fund companies, in connection with the plaintiff's 401(k) retirement plan ("Plan").

Count I of the amended complaint alleges "violat[ions of] fiduciary duties under ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B)" by all defendants. Count II alleges "prohibited transactions in violation of ERISA § 406(b)(1), 29

U.S.C. § 1106(b)(1), by dealing with the assets of the Plans in their own interest or for their own account," by Hartford.  Count III poses three alternative theories of liability:  first, that HFSG has direct liability as a fiduciary of the Plan for the same violations alleged in Counts I and II; second, in the alternative, that HFSG "is jointly and severally liable to the Plans as a co-fiduciary for Hartford Life's breaches of fiduciary duty"; and third, that "to the extent that any of the Defendants are not deemed fiduciaries or co-fiduciaries under ERISA, each of the Defendants is liable to the Class . . . as non-fiduciaries that knowingly participated in a breach of trust."  Phones Plus purports to bring this action individually, and on behalf of all similarly situated individuals.

Hartford now moves for dismissal of the amended complaint "in its entirety pursuant to Fed. R. Civ. P. 12(b)(6)," for "fail[ing] to state any legally cognizable claim."  Neuberger, separately, also moves for dismissal pursuant to Rule 12(b)(6).

**FACTS**:

An examination of the amended complaint reveals the following allegations:

The plaintiff, Phones Plus, is the Plan Administrator of a 401(k) retirement plan.  Hartford Life and its parent HFSG provide retirement products and services to the Plan and to similarly situated retirement plans.  Neuberger is an investment

advisor retained by Hartford to review and evaluate investment options offered by Hartford to the Plan and to provide investment advisory services to the Plan and to similarly situated retirement plans.  Hartford Life, HFSG, and Neuberger are fiduciaries of the Plan under ERISA.

Hartford provides the Plan with a menu of investment options, including certain mutual funds.  From this menu, the Plan selects a subset of investment options to offer to the Plan's participants.  Neuberger has selected this subset for the Plan, as part of the services it provides to the Plan.  Hartford has the authority to change the menu of funds it makes available to the Plan by adding or removing mutual funds to or from the menu.

Hartford receives revenue sharing payments from various of the mutual funds, based on a percentage of the Plan's assets invested in those mutual funds.  These revenue sharing payments are in addition to the service fees paid to Hartford by the Plan. Hartford's receipt and retention of the revenue sharing payments constitutes a breach of its enumerated fiduciary duties under ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B).  Neuberger failed to properly advise the Plan in light of these revenue sharing payments. Hartford engaged in transactions that are prohibited under ERISA, in that receiving the revenue sharing payments constituted "dealing with the assets of the Plan in their own

interest."  29 U.S.C. §§ 1106(b)(1), (3).

HFSG controlled and directed Hartford Life in engaging in the above conduct, and is thus a fiduciary of the Plan with respect to the revenue sharing payments.  In the alternative, HFSG is a co-fiduciary who is thus liable for Hartford Life's breaches of fiduciary duty, pursuant to 29 U.S.C. § 1105(a).  In the alternative, to the extent that any defendant is not a fiduciary or co-fiduciary of the Plan, each is as a non-fiduciary that knowingly participated in a fiduciary's breach of trust.

### STANDARD OF REVIEW:

When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff.  Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).  In its review of a 12(b)(6) motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).  In order to survive a motion to dismiss, the factual allegations must "raise a right of relief above the speculative level" and "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974 (2007).

### DISCUSSION:

**I.     Hartford's Motion to Dismiss Counts I and II**

With respect to Counts I and II, Hartford argues that Hartford Life (and presumably by extension, HFSG) is not a fiduciary of the Plan under ERISA, and thus can not have violated any fiduciary duties. Specifically, Hartford argues that it provides only non-discretionary, ministerial services to the Plan, and that Hartford Life's power to add, delete, or substitute mutual funds to or from the menu of funds does not cause it to be a Plan fiduciary, because the Plan has the "ultimate authority to accept or reject any proposed [changes]." In support, Hartford relies primarily upon: 1) a Department of Labor advisory opinion, which is predicated on facts similar to those in this case, that concluded that a service provider would not be considered a fiduciary of an ERISA plan solely as a result of the provider's authority to delete or substitute investment options offered to the plan; and 2) case law holding that a service provider that retains some discretion to change an ERISA plan is not considered a fiduciary of the plan so long as the plan administrator makes the final decision about any changes. Hartford also argues that it is not a fiduciary with respect to the revenue sharing payments because such payments "are not Plan assets."

Phones Plus argues that the conduct alleged in the amended complaint, if proven, renders Hartford a fiduciary.

Specifically, Phones Plus argues that the determination of "fiduciary" status under ERISA is made on a case-by-case basis by assessing the conduct of the party; that Hartford's ability, at its own discretion, to unilaterally change the menu of investment options available to the Plan renders it a fiduciary of the Plan within ERISA's meaning; and that the Department of Labor advisory opinion that Hartford relies on is not applicable. Further, Phones Plus argues that although "plan assets" is a term that is not defined within ERISA, it should be construed broadly, and that when so construed the revenue sharing payments at issue fall within its meaning.

In stating an ERISA claim based on a breach of fiduciary duty, "the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." Pegram v. Herdrich, 530 U.S. 211, 226 (2000). ERISA states that one is a plan fiduciary

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). In keeping with Congress's intent that the term be broadly construed, "fiduciary" is defined "in

*functional* terms of control and authority over the plan."
Martens v. Hewitt Assocs., 508 U.S. 248, 262 (1993) (emphasis in original); see also Blatt v. Marshall and Lassman, 812 F.2d 810, 812 (2d Cir. 1987).  As such, the question of fiduciary status is "inherently factual and will depend on the particular actions or functions [performed] on behalf of the [retirement] Plans." Dep't of Labor Advisory Opinion 97-16A, 1997 WL 277979; see LoPresti v. Terwilliger, 126 F.3d 34, 39-40 (2d Cir. 1997) (reviewing the issue of fiduciary status as a mixed question of fact and law).

Advisory Opinion 97-16A states the Department of Labor's opinion that, on facts in many ways similar to those of this case,

> a person would not be exercising discretionary authority or control over the management of a plan or its assets solely as a result of deleting or substituting a fund from a program of investment options and services offered to plans, provided that the appropriate plan fiduciary in fact makes the decision to accept or reject the change. In this regard, the fiduciary must be provided advance notice of the change, including any changes in the fees received, and afforded a reasonable period of time within which to decide whether to accept or reject the change, and in the event of a rejection, secure a new service provider.

Dep't of Labor Advisory Opinion 97-16A, 1997 WL 277979 (emphasis added).  An agency advisory opinion "lack[s] the force of law." Christensen v. Harris County, 529 U.S. 576, 587 (2000).  Agency regulations, which are the product of "a formal adjudication or notice-and-comment rulemaking," are entitled to deference when they contain a "reasonable interpretation of an ambiguous

7

statute."  Id.  In contrast, an advisory opinion is issued in response to "a specific factual situation, . . . applies only to the situation described," and may be relied on "[o]nly [by] the parties described in the request for opinion . . . [and] only to the extent that . . . the situation conforms to the situation described in the request."  ERISA Procedure 76-1 (Advisory Opinion Procedure) §§ 3, 10, 41 Fed. Reg. 36281 (Aug. 27, 1976). Thus, the interpretations of an advisory opinion "are 'entitled to respect' . . . , but only to the extent that those interpretations have the 'power to persuade.'"  Christensen v. Harris County, 529 U.S. 576, 587 (2000) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)).

    Here, the facts of the advisory opinion differ from those alleged by Phones Plus.  Specifically, the advisory opinion assumes that the fees collected from mutual funds by the service provider are "for recordkeeping and other services," that the fees are "fully disclosed," that an extensive notification-of-change procedure will be observed, that the notice will contain certain specific information, and that the plan will be given 120 days or more to reject the proposed changes and terminate the service contract.  In contrast, Phones Plus alleges that the fees collected from mutual funds by Hartford are not merely service fees but "excessive" and redundant fees collected as a result of revenue sharing, and that Hartford's disclosure of such fees was

8

misleading.  Further, the Group Annuity Contract, incorporated by reference into the amended complaint for purposes of this motion, indicates that Hartford may make changes to the contract with only 30 days advance notice.  The contract does not indicate the notification procedure, the contents of the notification, or the length of additional time, if any, that the Plan will be given to secure a new service provider in the event it rejects a proposed change to the menu of funds.

    The court concludes that these factual differences render moot whatever persuasive power the advisory opinion might have carried.  Phones Plus has specifically alleged that each of the defendants is a fiduciary of the Plan and has alleged a detailed set of facts in support.  On a motion to dismiss, the court presumes that the facts alleged in the amended complaint are true.  Given the factual aspect of the issue of fiduciary status, the court concludes that Phones Plus has stated a plausible claim for relief.

    Certain case law suggests that a service provider can retain the power to make changes to an ERISA plan contract, without being deemed an ERISA fiduciary, if the plan sponsor makes the "ultimate decision" about changes to the plan.  See, e.g., Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc., 474 F.3d 463, 477 (7th Cir. 2007) (holding that the defendant did not have sufficient discretion to be considered an ERISA fiduciary where the plaintiff retained the authority to

make the "final decision" regarding changes to a drug formulary). The court concludes that this principle is inapplicable to this motion to dismiss. Specifically, the plan sponsor's power over the ultimate decision is only one factor to be considered; it is not by itself dispositive of the question of a service provider's fiduciary status. Regardless of whether Phones Plus has the power to make the "ultimate decision" about Hartford's changes to the fund menu, a reasonable fact finder could still conclude, for example, that the change notification procedures are inadequate or that the time provided in which to make such a decision is unreasonably short, and that as a result Hartford is an ERISA fiduciary.

The question of whether a given item constitutes "plan assets" is also, like the question of fiduciary status, a mixed question of fact and law. See, e.g., Liss v. Smith, 991 F.Supp. 278, 294, 314 (S.D.N.Y. 1998) (finding summary judgment inappropriate where questions of fact remain over whether the money in question constituted "plan assets"). The plaintiff alleges that the revenue sharing payments are plan assets, and alleges a detailed set of facts in support. These allegations are presumed true for the purpose of resolving this motion.

For the reasons stated above, Hartford's assertion that it is not an ERISA fiduciary of the plaintiff's Plan is not sufficient to warrant dismissal of Counts I and II of the amended

complaint.  The motion to dismiss Counts I and II is DENIED.

## II. Hartford's Motion to Dismiss Count III

With respect to Count III, for liability as a non-fiduciary for knowing participation in a breach of trust, Hartford argues that the claim is without merit "because the Fees are not Plan assets and their receipt and retention by Hartford Life is not only not unlawful but was specifically disclosed to and acknowledged by the Plan in advance."

Phones Plus responds that a broad, functional approach to defining "plan assets" should be used, and that the amended complaint sufficiently alleges facts to establish that the revenue-sharing fees are plan assets.  Further, Phones Plus argues that the amended complaint sufficiently alleges facts to establish Neuberger's breach of trust and Hartford's knowledge of the breach.

A non-fiduciary "who knowingly participates in an ERISA fiduciary's breach of duty is jointly and severally liable with the fiduciary . . . under ERISA."  Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 281 (2d Cir. 1992).  The elements for such a claim are "1) breach by a fiduciary of a duty owed to plaintiff, 2) defendant's knowing participation in the breach, and 3) damages."  Id. at 281-82.  The Supreme Court has narrowed the range of permissible claims under ERISA against a non-fiduciary to those seeking equitable forms of relief.

Martens v. Hewitt Assocs., 508 U.S. 248, 262 (1993).

The court concludes that the plaintiff's allegations are sufficient to support a plausible claim to relief for a non-fiduciary's knowing participation in a breach of trust by an ERISA fiduciary.[1]  Phones Plus has sufficiently alleged a breach of fiduciary duty by Neuberger, as discussed in more detail below.  Phones Plus has also specifically alleged that Hartford "knowingly participated" in Neuberger's breach, and that damages resulted.  These allegations raise a plausible claim for relief.  Therefore, the motion to dismiss Count III is DENIED.

### III. **Hartford's Motion to Dismiss the Claims Against HFSG**

Hartford also argues that the claims against HFSG should be dismissed because HFSG is a "holding company" that is not a party to any contract with Phones Plus,[2] and the compliant "has failed

---

[1] The question of whether the revenue sharing payments are Plan assets is addressed above, as is the question of Hartford's disclosure of these payments.  The issue of whether retention of the fees is unlawful is a mixed question of fact and law that is entangled with the more basic question of whether the fees are, in whole or in part, "plan assets" under ERISA, as discussed above.

[2] Hartford urges judicial notice of HFSG's Form 10-K as proof that HFSG is "merely a holding company that conducts no business as an insurer or provider of 'products' to 401K plans or anyone else." Although the 10-K form does assert that HFSG is a "holding company that . . . has no significant business operations of its own," it also asserts that "[HFSG] (together with its subsidiaries, 'The Hartford' or the 'Company') . . . is among the largest providers of investment products . . . [and various] insurance products in the United States" (emphasis added).  Thus, the Form 10-K is, at best, unclear on its own terms.  Regardless, the plaintiff has alleged actual conduct by HFSG at odds with its asserted status as a mere holding company.  Phone Plus has alleged conduct that could, if proven, render HFSG a

to allege any facts to justify [piercing the corporate veil]."

Phones Plus alleges that HFSG "is a fiduciary of the plan within the meaning of ERISA," that HFSG breached its fiduciary duties, and that HFSG "controlled and directed Hartford Life."

As stated above, fiduciary status is determined functionally, not on the basis of formal relationships. Thus, even if not a party to the contract, HSFG could still be shown to be a Plan fiduciary on the basis of the particular actions or functions it performed, if any, on behalf of the Plan. Thus, the allegations in the amended complaint are sufficient to raise plausible claims to relief against HSFG. Therefore, the motion to dismiss as to HFSG is DENIED.

**IV.   Neuberger's Motion to Dismiss**

Neuberger argues that it is not a proper party to this action. Specifically, Neuberger argues that the scope of its fiduciary duties to Phones Plus was limited by the terms of its advisory agreement, and that "investigat[ing] and advis[ing] Phones Plus with respect to the fees that The Hartford charges or any revenue sharing payments that The Hartford receives" is outside the scope of those duties. As such, Neuberger is not an ERISA fiduciary to the Plan with respect to such matters. Neuberger further argues that Phones Plus's own broad fiduciary duty to the plan was not delegated to Neuberger. Finally, Neuberger argues that it did not know of and did not receive "any of

---

fiduciary of the Plan, notwithstanding the statements made in its Form 10-K.

the revenue sharing payments [allegedly] received or excessive fees [allegedly] charged by The Hartford."

Phones Plus argues that the amended complaint "has properly alleged that Neuberger was a fiduciary at all pertinent times." Specifically, the amended complaint avers that "Neuberger is an investment advisor to the Plan and an ERISA fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)," for its "provision of investment advice for a fee."  Phones Plus agrees that Neuberger's fiduciary duties are limited to those functions it was retained to perform, and argues that, as an investment advisor, those duties include the responsibility to review, evaluate, research, select, and monitor the Plan's investment choices.  As such, Phones Plus argues, Neuberger had an obligation to investigate, discover, and inform Phones Plus of the allegedly unlawful or excessive fees. Further, Phones Plus argues that its non-delegation of its broad fiduciary duties to Neuberger is not relevant, because Neuberger breached it narrower duties as investment advisor.

The court concludes that Phones Plus has sufficiently alleged that Neuberger is an ERISA fiduciary with respect to the alleged wrongful conduct, and that Neuberger has not shown that, as a matter of law, it should not be considered as such for purposes of this motion.  As discussed above, questions of fiduciary status, responsibilities, and breaches involve questions of fact.  Likewise, the question of the scope of Neuberger's fiduciary duties under its advisory agreement is a matter subject to the interpretation of the terms of that agreement.  Such interpretation also presents questions

of fact.  Phones Plus has alleged facts which, taken as true, articulate a plausible claim for relief against Neuberger.  Therefore, Neuberger's motion to dismiss is DENIED.

In sum, Hartford's motion to dismiss the amended complaint (**document no. 28**) and Neuberger's motion to dismiss the amended complaint (**document no. 42**) are DENIED.

It is SO ORDERED this 23rd day of October, 2007, at Hartford, Connecticut.

```
        _____/s/_____
        Alfred V. Covello
        United States District Judge
```