**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PHONES PLUS, INC., Plan Administrator | : | |
| Of the Phones plus Retirement Savings Plan, | : | |
| On Behalf of Itself and All Others Similarly | : | Civil Action No. |
| Situated, | : | 3:06-cv-01835 (AVC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE HARTFORD FINANCIAL SERVICES | : | |
| GROUP, INC., HARTFORD LIFE INSURANCE | : | |
| COMPANY and NEUBERGER BERMAN | : | |
| MANAGEMENT, INC. | : | |
| | : | November 28, 2007 |
| Defendants. | : | |
| | : | |

**NEUBERGER BERMAN MANAGEMENT INC.'S ANSWER TO THE AMENDED COMPLAINT**

Defendant Neuberger Berman Management Inc. ("Neuberger Berman"), by its attorneys, Willkie Farr & Gallagher LLP, as and for its answer to the Amended Class Action Complaint dated March 5, 2007 (the "Complaint"), responds as follows:

## I.   INTRODUCTION[1]

1.      Denies the allegations set forth in paragraph 1 of the Complaint, except admits that the allegations purport to be a summary of Plaintiff's claims and request for relief.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

---

[1]      Neuberger Berman restates the headings from the Complaint solely for convenience and expressly denies any factual allegations and legal conclusions that may be included or implied in the headings.

3.      Denies the allegations set forth in paragraph 3 of the Complaint, except admits that it assumed limited rights and obligations pursuant to express written agreements with certain plan sponsors, including Plaintiff, and Neuberger Berman refers to those agreements for their full terms.

4.      Denies the allegations set forth in paragraph 4 of the Complaint, except admits that the allegations purport to be an accurate summary of Plaintiff's claims and request for relief.

## II.      THE PARTIES

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, except admits upon information and belief that Plaintiff is the trustee and plan administrator of the Phones Plus, Inc. 401(k) Retirement Savings Plan (the "Plan") and, as such, is itself a fiduciary of the Plan.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      Denies the allegations set forth in paragraph 8 of the Complaint, except admits that Neuberger Berman is a financial services company incorporated in the State of New York, that it maintains its principal place of business at 605 Third Avenue, New York, New York, that it transacts business in most of the States of the United States of America, and that it assumed limited rights and obligations pursuant to express written agreements with certain plan sponsors, including Plaintiff.  Neuberger Berman refers to those agreements for their full terms.

### III.    JURISDICTION AND VENUE

9.    Denies the allegations set forth in paragraph 9 of the Complaint, except admits that the allegations in the first sentence purport to be an accurate summary of Plaintiff's claims and request for relief.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

### IV.    BACKGROUND FACTS

**A.    The Plans**

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, except admits upon information and belief that the Plan is a 401(k) retirement plan funded by Phones Plus and the Plan participants.

12.    Denies the allegations set forth in paragraph 12 of the Complaint.

**B.    The Relationship Between Class Members, The Hartford, Neuberger and The Mutual Funds**

13.    Denies the allegations set forth in the third sentence of paragraph 13 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

**1.    The Hartford Contracts**

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, except admits that Neuberger Berman entered into contracts with certain plan sponsors, the terms of which agreements establish the limited rights and obligations of the parties thereto.  Neuberger Berman refers to those agreements for their full terms.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

**2.** **The Neuberger Investment Advisory Contracts**

26.      Denies the allegations set forth in paragraph 26 of the Complaint, except admits that the Plan's sponsors, and certain other plan sponsors, engaged Neuberger Berman pursuant to written agreements that establish the limited rights and obligations of the parties thereto. Neuberger Berman refers to those agreements for their full terms.

27.      Denies the allegations set forth in paragraph 27 of the Complaint.

28.      Denies the allegations set forth in paragraph 28 of the Complaint.

29.      Denies the allegations set forth in paragraph 29 of the Complaint.

**3.** **The Mutual Funds**

30.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

C.      **The Revenue Sharing Scheme**

37.     Denies the allegations set forth in paragraph 37 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation relating to the Hartford, and admits that the limited services Neuberger Berman agreed to provide to Plaintiff and other plan sponsors are memorialized in express written agreements with Plaintiff and certain other plan sponsors, and Neuberger Berman refers to those agreements for their full terms.  Neuberger Berman admits that it identifies itself as a provider of a variety of investment services and products for a range of clients, both individual and institutional.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

## V.      CLASS ACTION ALLEGATIONS

45.      Denies the allegations set forth in paragraph 45 of the Complaint, except admits that Plaintiff purports to bring this action as a putative class action.

46.      Denies the allegations set forth in paragraph 46 of the Complaint.

47.      Denies the allegations set forth in paragraph 47 of the Complaint.

48.      Denies the allegations set forth in paragraph 48 of the Complaint.

49.      Denies the allegations set forth in paragraph 49 of the Complaint.

50.      Denies the allegations set forth in paragraph 50 of the Complaint.

51.      Denies the allegations set forth in paragraph 51 of the Complaint.

52.      Denies the allegations set forth in paragraph 52 of the Complaint.

53.      Denies the allegations set forth in paragraph 53 of the Complaint.

54.      Denies the allegations set forth in paragraph 54 of the Complaint.

## COUNT I
## (For Breach of Fiduciary Duty)

55.      Incorporates by reference its answers to the allegations set forth paragraphs 1 through 54 of the Complaint as if fully set forth therein.

56.      Denies the allegations set forth in paragraph 56 of the Complaint.

57.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Denies the allegations set forth in paragraph 61 of the Complaint.

62.     Denies the allegations set forth in paragraph 62 of the Complaint.

63.     Denies the allegations set forth in paragraph 63 of the Complaint.

## COUNT II
### (For Breach of Fiduciary Duty and Violation of ERISA's Prohibited Transaction Rules)

64.     Incorporates by reference its answers to the allegations set forth in paragraphs 1 through 63 of the Complaint as if fully set forth therein.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint, except admits that the allegations purport to be an accurate characterization of Plaintiff's claims and request for relief.

## COUNT III
### (For Co-Fiduciary Breach and Liability for Knowing Breach of Trust)

69.     Incorporates by reference its answers to the allegations set forth in paragraphs 1 through 68 of this Complaint as if fully set forth therein.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.

72.     Denies the allegations set forth in paragraph 72 of the Complaint.

## RELIEF SOUGHT

With respect to Plaintiff's prayer for relief (the "WHEREFORE" clause on pages 25-26 of the Complaint), Neuberger Berman denies that Phones Plus or any other member of the putative class is entitled to any relief claimed therein, or otherwise, from Neuberger Berman.

## DEMAND FOR JURY TRIAL

Neuberger Bergman denies that Plaintiff is entitled to a jury trial on any of its ERISA-based claims.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

73.     The Complaint fails to state a claim against Neuberger Berman upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

74.     The claims in the Complaint are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

75.     The claims in the Complaint are barred by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

76.     The claims in the Complaint are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

77.     The claims in the Complaint are barred by the *in pari delicto* doctrine.

## SIXTH AFFIRMATIVE DEFENSE

78.     Any damages assessed against Neuberger Berman should be barred or reduced due to the fault of other parties.

## SEVENTH AFFIRMATIVE DEFENSE

79.     The parties agreed to arbitrate all disputes between them arising out of or related to the contract they entered into.

80.     The Complaint therefore should be dismissed or, in the alternative, stayed pending arbitration of Plaintiff's claims against Neuberger Berman.

## EIGHTH AFFIRMATIVE DEFENSE

81.     Plaintiff has failed to mitigate its damages, if any.  Any recovery by Plaintiff must be reduced according to the amount of damages that Plaintiff failed to mitigate.

## NINTH AFFIRMATIVE DEFENSE

82.     Plaintiff's claims are barred by the doctrines of consent, ratification and/or release.

## TENTH AFFIRMATIVE DEFENSE

83.     Neuberger Berman is entitled to a set-off or credit for any amounts paid by another defendant or third party.

## ELEVENTH AFFIRMATIVE DEFENSE

84.     Plaintiff failed to exhaust applicable administrative remedies available under federal law for contesting the type of fees at issue.

**WHEREFORE**, Neuberger Berman respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, or, in the alternative stay proceedings against Neuberger Berman, award costs and disbursements to Neuberger Berman, and grant such other, further or different relief as the Court may deem just and proper.

Respectfully submitted,

By:  John Droney (ct10906)
David A. DeBassio (ct24365)
Levy & Droney P.C.
Pondview Corporate Center
74 Batterson Park Road
Farmington, CT 06032
(Tel):  (860) 676-3000
(Fax):  (860) 676-3200

Joseph T. Baio
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(Tel):  (212) 728-8203
(Fax):  (212) 728-9203

Attorneys for Defendant Neuberger
Berman Management Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 28, 2007, a copy of the foregoing  Answer was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

David A. DeBassio (ct24365)
Levy & Droney P.C.
Pondview Corporate Center
74 Batterson Park Road
Farmington, CT 06032
(Tel):  (860) 676-3000
(Fax):  (860) 676-3200