# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

PHONES PLUS, INC, Plan Administrator     :
of the Phones Plus Retirement Savings Plan,     :
On Behalf of Itself and All Others Similarly     :     Case No. 3:06-cv-1835 (AVC)
Situated,     :
    :
       Plaintiff,     :
    :
        vs.     :
    :
THE HARTFORD FINANCIAL SERVICES     :
GROUP, INC., HARTFORD LIFE     :
INSURANCE COMPANY and NEUBERGER     :
BERMAN MANAGEMENT INC.,     :
    :
       Defendants.     :     February 19, 2009

## DEFENDANT NEUBERGER BERMAN'S RESPONSE TO DEFENDANT HARTFORD LIFE'S LIMITED "OBJECTION" TO PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT WITH NEUBERGER BERMAN

Defendant Neuberger Berman Management LLC f/k/a Neuberger Berman Management Inc. ("Neuberger") respectfully concurs in Plaintiff's February 6, 2009 response (the "Response") to the February 1, 2009 limited objection (the "Objection") of Defendant Hartford Life Insurance Company ("The Hartford") to Plaintiff's January 27, 2009 Motion for Preliminary Approval of Partial Settlement with Neuberger (the "Motion"). In addition to arguments articulated in the Response, Neuberger makes three observations:

1.     First, Plaintiff's request that this Court enter a preliminary approval order certifying a non-opt class under Rule 23(b)(1) was made solely for purposes of settlement with Neuberger. The Hartford's legal rights will be unaffected regardless of how the Motion is decided.

2.     Second, Rule 23(b)(1)(A) provides that, once the requirements of Rule 23(a) are met, a class may be certified if "prosecuting separate actions by or against individual class

members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

3.     Neuberger is faced with exactly such a risk. Although Neuberger has discontinued the Plan IQ program, it is free to provide similar investment advisory services in the future. Unless the Sub-Class is certified pursuant to Rule 23(b)(1)(A), the risk of inconsistent adjudications regarding the scope of Neuberger's alleged duty will therefore subject Neuberger to "incompatible standards of conduct."

4.     Third, Rule 23(b)(1)(B) provides that, once the requirements of Rule 23(a) are met, a class may be certified if "prosecuting separate actions by or against individual class members would create a risk of . . . adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."

5.     Plaintiff serves as trustee and plan administrator of its own 401(k) plan and, as such, is a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). (Am. Compl. ¶ 5.) The other Plan Sponsors who are members of the Sub-Class are also fiduciaries.

6.     The Sub-Class should be certified pursuant to Rule 23(b)(1)(B) because an adjudication regarding the duties of a plan fiduciary to investigate the fees charged by The Hartford would impair or impede the other Sub-Class members' ability to protect their interests.

Wherefore, Neuberger respectfully requests that the Court overrule the Objection of The Hartford and enter an order certifying the Sub-Class and preliminarily approving Plaintiff's partial settlement with Neuberger.

Dated: February 19, 2009

                                        ___/s/ David A. DeBassio_____

                                        David A. DeBassio
Levy & Droney, P.C
74 Batterson Park Rd.
PO Box 887
Farmington, CT 06034-0887
Telephone: (860) 676-3078
Facsimile: (860) 676-3200
Email: ddebassio@ldlaw.com

Joseph T. Baio
Roger Netzer
Michael E. Kraver
Willkie Farr & Gallagher LLP
787 Seventh Ave.
New York, NY 10019-6099
Telephone: (212) 728-8249
Facsimile: (212) 728-9249
Email: jbaio@willkie.com
            rnetzer@willkie.com
            mkraver@willkie.com

*Attorneys for Defendant*
*Neuberger Berman Management LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 19, 2009, a copy of the foregoing Response to Defendant Hartford Life's Limited "Objection" to Plaintiff's Motion for Preliminary Approval of Partial Settlement with Neuberger Berman was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

David A. DeBassio, Esq. (ct24365)
LEVY & DRONEY, P.C.
74 Batterson Park Road
Farmington, CT 06032
Tel: 860-676-3000
Fax: 860-676-3200
E-mail:   ddebassio@ldlaw.com