FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

'"9 FEB 19  P 4: 14

DISTRICT COURT
HARTFORD CT

PHONES PLUS, INC, Plan Administrator :
of the Phones Plus Retirement Savings Plan, : Case No. 3:06-cv-1835 (AVC)
On Behalf of Itself and All Others Similarly :
Situated, :
 :
 : [PROPOSED] ORDER
       Plaintiff, : PRELIMINARILY APPROVING
 : PARTIAL SETTLEMENT,
   vs. : APPROVING FORM AND
 : MANNER OF NOTICE, AND
 : SCHEDULING HEARING ON
THE HARTFORD FINANCIAL SERVICES : FAIRNESS OF SETTLEMENT
GROUP, INC., HARTFORD LIFE INSURANCE : PURSUANT TO FEDERAL RULE
COMPANY and NEUBERGER : OF CIVIL PROCEDURE 23(e)
BERMAN MANAGEMENT INC., :
 :
 :
     Defendants. :

AND NOW, this _____17TH_____ day of February, 2009, having reviewed Plaintiff's Motion

for Preliminary Approval of Partial Class Action Settlement, which Defendant Neuberger

Berman Management LLC has joined, the Court finds and determines as follows:

   WHEREAS, the above putative class action is pending before this Court; and

   WHEREAS, Plaintiff, Phones Plus, Inc. ("Plaintiff" or "Phones Plus" or "Class

Representative") and Defendant, Neuberger Berman Management LLC, f/k/a Neuberger Berman

Management Inc. ("Neuberger" or "Neuberger Berman" or "the Settling Defendant") have

applied to the Court, pursuant to Fed. R. Civ. P. 23, for an Order approving the partial settlement

of the above captioned action in accordance with the terms and provisions of the Settlement

Agreement entered into by Plaintiff and the Settling Defendant (the "Settlement Agreement" or

"Agreement") which, together with the exhibits thereto, sets forth the terms and conditions for a

proposed settlement of the action as to the Settling Defendant and for dismissal of the action with

prejudice as to the Settling Defendant;

WHEREAS, the Agreement provides (solely for the purposes of Settlement) for certification of Plaintiff's claims on behalf of itself and the proposed Sub-Class for class treatment pursuant to Fed. R. Civ. P. 23(b)(1); and

WHEREAS, the Court has read and considered that Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed in the premises, and with good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      All terms not defined in this Order (the "Preliminary Approval Order") shall have the same meanings set forth in the Agreement.

2.      The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the proposed Sub-Class and Defendant.

3.      The Court preliminarily approves the Agreement, including the Release contained therein, and preliminarily finds the Settlement to be fair, reasonable, and adequate to the Sub-Class, and fair to the Non-Settling Party.

4.      For the purposes of this Settlement only, the Court now finds and concludes that:

(a)      (1) the Sub-Class Members are so numerous that joinder of all class members in this action is impracticable; (2) there are questions of law and fact common to the Sub-Class; (3) the claims of the Plaintiff are typical of the claims of the Sub-Class; and (4) in negotiating and entering into the Agreement, the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Sub-Class Members; and

(b)      (1) the prosecution of separate actions by individual Sub-Class Members would create a risk of inconsistent or varying adjudications with respect to such Sub-Class

Members that could establish incompatible standards of conduct for the Settling Defendant; and (2) adjudications with respect to individual Sub-Class Members, not party to this action, could substantially impede the ability of other such individual Sub-Class Members to protect their interests.

5.    For the purposes of this Settlement only, the Sub-Class is certified pursuant to Fed. R. Civ. P 23(a) and 23(b)(1).

6.    For the purposes of this Settlement only, the Plaintiff is certified as class representative pursuant to Fed. R. Civ. P. 23(b)(1).

7.    The Court approves, as to form and content, the Class Notice, a true and correct copy of which is attached as Exhibit "A" to the Settlement Agreement.

8.    The date and time of the Final Approval Hearing or Fairness Hearing shall be added to the Class Notice before it is mailed in accordance with paragraph 10 below.

9.    The Court finds that the mailing of the Class Notice, substantially in the manner and form set forth in paragraph 10 below, constitutes the best notice practicable under the circumstances, including individual notice to all Sub-Class Members that can be identified through reasonable effort, and constitutes valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

10.    Commencing on or before  3/20/2009,  Class Counsel shall e-mail or cause to be mailed, by first class mail, postage prepaid, copies of the Class Notice to all Sub-Class Members who can be located by Class Counsel exercising its best efforts to identify each such Sub-Class Member's last known address.

11.    On or before  4/20/2009,  Class Counsel shall file with the Court and serve on

-3-

all counsel of record, including Neuberger Berman, proof by declaration or affidavit of the mailing described in paragraph 10 above.

12.     Sub-Class Members who wish to comment or object to the Agreement must do so in accordance with the instructions contained in the Class Notice.

13.     The Final Approval Hearing shall be held on 6/30/2009 at 11:00 a.m. before the Honorable Alfred V. Covello, United States District Court Judge, at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, CT 06103, for the purpose of (a) determining whether the proposed Settlement as set forth in the Agreement is fair, reasonable and adequate and should be approved by the Court; (b) determining whether an Order of Final Judgment and Dismissal should be entered; and (c) ruling upon such other matters as the Agreement contemplates and as the Court may deem just and proper.

14.     All papers in support of the Settlement shall be filed at least seven (7) days prior to the Final Approval Hearing.

15.     Any Sub-Class Member may appear and show cause (if he, she, or it has any) why the Court should or should not (a) approve the proposed Settlement as set forth in the Agreement as fair, reasonable and adequate; and (b) enter an Order of Final Judgment and Dismissal; *provided, however*, that no person shall be heard with respect to, or shall be entitled to contest, the foregoing matters unless on or before 4/30/09 , that person has served by hand or by first class mail notice of his, her or its intention to appear, setting forth briefly each objection and the basis therefore, together with copies of any papers and briefs in support of said objections and proof of membership in the Sub-Class, upon the following counsel:

James E. Miller or Patrick A. Klingman or Laurie Rubinow, Shepherd, Finkelman, Miller &

-4-

Shah, LLP, 65 Main Street, Chester, CT 06412, on behalf of Plaintiff and the Sub-Class; and

upon Joseph T. Baio or Roger D. Netzer or Michael E. Kraver, Willkie Farr & Gallagher LLP,

787 Seventh Avenue, New York, NY 10019-6099 on behalf of the Settling Defendant; and has

filed said objection, papers, and briefs with the Court, on or before  4/30/09   ' with the

Clerk of the Court, United States District Court, District of Connecticut, 450 Main Street,

Hartford, CT 06103. Unless otherwise ordered by the Court, any Sub-Class Member who does

not make his, her, or its objection in the manner provided for herein, shall be deemed to have

waived such objection and shall forever be foreclosed from making any objection to the

foregoing matters.

16.     The Court may adjourn the Final Approval Hearing from time to time and without

further notice to the Sub-Class. The Court reserves the right to approve the Settlement at or after

the Final Approval Hearing with such modifications as may be consented to by the Plaintiff and

Neuberger and without further notice to the Sub-Class. The Court further reserves the right to

enter a Final Approval Order, dismissing the action with prejudice as to Neuberger and against

the Plaintiff and the Sub-Class at or after the Final Approval Hearing and without further notice

to the Sub-Class.

17.     Upon entry of the Final Approval Order, the Plaintiff, and each of the Sub-Class

Members, on behalf of themselves, their successors, assigns, and any other person claiming (now

and in the future) through or on behalf of them, and regardless of whether any such named

Plaintiff or Sub-Class Member ever seeks or obtains by any means any distribution from the

Settlement Fund, shall be deemed to have, and by operation of the Final Approval Order shall

have, fully, finally and forever released, relinquished and discharged all of the Released Claims

against Neuberger and shall have covenanted not to sue Neuberger with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against Neuberger.  Upon entry of the Final Approval Order, the Court will dismiss this action in its entirety as to Defendant, Neuberger Berman Management LLC, with prejudice and without costs (except as otherwise provided in the Agreement).

18.    All reasonable costs and expenses incurred in identifying and providing notice to the Sub-Class Members and in administering the Settlement Fund shall be paid by Class Counsel, subject to reimbursement from the settlement proceeds.

19.    The Court retains continuing jurisdiction over all proceedings arising out of or related to the Settlement Agreement.

20.    If for any reason the Settlement Agreement does not become effective, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*.

21.    Without further order of the Court, Plaintiff and Neuberger may agree to reasonable extensions of time to carry out any of the provisions of this Preliminary Approval Order or the Agreement.

22.    Pending final determination as to whether the Settlement, as set forth in the Settlement Agreement, should be approved, no Sub-Class Member shall commence, prosecute, pursue, or litigate any Released Claims against the Settling Defendant, whether directly, representatively, or in any other capacity, and regardless of whether or not any such Sub-Class Member has appeared in the action.

-6-

Dated: _____ FEB 17, 2009 _____

IT IS SO ORDERED.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello, J.