# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

**FILED**
2009 JUL 17 P 2:02
U.S. DISTRICT COURT
HARTFORD, CT

| | |
|---|---|
| PHONES PLUS, INC, Plan Administrator of the Phones Plus Retirement Savings Plan, On Behalf of Itself and All Others Similarly Situated, | : <br> : <br> : Case No. 3:06-cv-1835 (AVC) <br> : |
| Plaintiff, | : **[Proposed] ORDER OF FINAL** <br> : **APPROVAL OF CLASS ACTION** <br> : **SETTLEMENT, AWARD OF** |
| vs. | : **ATTORNEY'S FEES AND** <br> : **EXPENSES, AND DISMISSAL** |
| HARTFORD LIFE INSURANCE COMPANY and NEUBERGER BERMAN MANAGEMENT, LLC, | : <br> : <br> : |
| Defendants. | : June __, 2009 |

This matter having come before the Court for hearing on June 30, 2009, pursuant to the Order of this Court, dated February 17, 2009 (the "Preliminary Approval Order"), on the unopposed Motion of Plaintiff, Phones Plus, Inc. ("Plaintiff"), for final approval of the settlement with Defendant, Neuberger Berman Management, LLC ("Neuberger"), as set forth in the *Settlement Agreement* dated as of January 27, 2009 (the "*Settlement Agreement*" or the "*Agreement*"), and due and adequate notice having been given to the *Sub-Class Members* (as defined in the *Agreement*) as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the *Agreement*, and all italicized terms herein shall have the same meanings as set forth in the *Agreement*.

2. This Court has jurisdiction over the subject matter of this action and over all members of the *Sub-Class*.

3. The *Class Notice* given to the *Sub-Class* of the *Settlement* and the other matters set forth in the *Agreement* pursuant to the Preliminary Approval Order was the best notice practicable under the circumstances, including individual notice to all members of the *Sub-Class* who could be identified through reasonable effort. Said *Class Notice* provided due and adequate notice of these proceedings and of the matters set forth in the *Agreement*, including the proposed *Settlement*, to all persons entitled to such notice, and said *Class Notice* fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the *Settlement* as set forth in the *Agreement*, finds that said *Settlement* is, in all respects, fair, reasonable an adequate with respect to the *Sub-Class*, and directs that the *Settlement* be consummated in accordance with the terms and conditions set forth in the *Agreement*

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds the *Class Counsel Fees and Expenses* to be fair and reasonable under the circumstances, awards the *Class Counsel Fees and Expenses* to *Class Counsel*, and directs that such *Class Counsel Fees and Expenses* be deducted from the *Settlement Fund*.

6. The Court hereby dismisses this action in its entirety as to Defendant, Neuberger, with prejudice and without costs (except as otherwise provided in the *Agreement*).

7. Upon the *Effective Date*, the Plaintiff and each of the *Sub-Class Members*, on behalf of themselves, their successors and assigns, and other persons claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or *Sub-Class Member* ever seeks or obtains by any means, any distribution from the *Settlement Fund*, shall be deemed to have, and by operation of this Order, shall have fully, finally, and forever released,

relinquished, and discharged all *Released Claims* against Neuberger and shall have covenanted not to sue Neuberger with respect to all such *Released Claims*, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such *Released Claim* against Neuberger.

8. Upon the *Effective Date*, all obligations of Neuberger to Plaintiff and the *Sub-Class Members* arising out of, based upon, or otherwise related to the transactions and occurrences that were alleged, or could have been alleged, on behalf of Plaintiff and the *Sub-Class Members* in this *Action* shall be fully, finally, and forever discharged, and all *Sub-Class Members* shall be permanently barred and enjoined from instituting, prosecuting, pursuing or litigating in any manner (regardless of whether such *Sub-Class Members* purport to act individually, representatively, or in any other capacity and regardless of whether such persons purport to allege direct claims, claims for contribution, indemnification, or reimbursement, or any other claims) any such obligations.

9. Upon the *Effective Date*, Neuberger shall be deemed to have, and by operation of this Order shall have, fully, finally and forever released, relinquished, and discharged each and all of the *Sub-Class Members* and *Class Counsel* from all claims (including unknown claims) arising out of, in any way relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of this *Action* or the *Released Claims* except to enforce the releases and other terms and conditions contained in the *Agreement*.

10. This Order is a final judgment in the *Action* as to all claims among Neuberger, on the one hand, and Plaintiff and all *Sub-Class members*, on the other. This Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and expressly directs entry

-3-

of judgment as set forth herein.

11. Without affecting the finality of this Order in any way, this Court retains continuing jurisdiction over (a) implementation of the *Settlement*; (b) any award or distribution of the *Settlement Fund*, including interest thereon; and (c) all other proceedings related to the implementation and enforcement of the terms of the *Settlement Agreement*.

12. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the *Agreement*.

**IT IS SO ORDERED**

Dated this __17TH__ day of __July__, 2009 at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
UNITED STATES DISTRICT JUDGE

-4-