*06CV 1835 Phones Plus*
*Amended*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHONES PLUS, INC., Plan Administrator of the Phones Plus Retirement Savings Plan, on behalf of itself and all others similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>HARTFORD LIFE INSURANCE COMPANY and NEUBERGER BERMAN MANAGEMENT INC.,<br><br>    Defendants. | Civil Action No. 3:06-cv-01835 (AVC) |

## AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPROVING FORM AND MANNER OF NOTICE

WHEREAS, the above-titled putative nationwide class action is pending before the Court; and

WHEREAS, Phones Plus, on behalf of itself and the Members of the Settlement Classes in the Action, Hartford Life, and the Third-Party Defendants have entered into a Settlement Agreement and Release dated as of February 11, 2009 (the "Agreement"), which is subject to review and approval under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the Action and the dismissal of the Action with prejudice; and the Court having read and considered the Agreement and the accompanying documents; and the parties to the Agreement having consented to entry of this Order; and all capitalized terms used herein having the same meanings set forth in the Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court preliminarily certifies, for purposes of effectuating the Settlement only, a "Monetary Relief Class" consisting of all current and former trustees, sponsors, fiduciaries, and administrators of employee pension benefit plans covered by the Employee Retirement Income Security Act of 1974 ("ERISA") subject to Internal Revenue Code ("IRC") §§ 401(a) or 401(k) for which employee pension benefit plans Hartford Life has acted as a service provider at any time from November 14, 2003 through the date that the Court enters this Preliminary Approval Order.

2. Pursuant to Fed. R. Civ. P. 23(b)(1), the Court preliminarily certifies, for purposes of effectuating the Settlement only, a Structural Changes Class consisting of all trustees, sponsors, fiduciaries, and administrators of employee pension benefit plans covered by ERISA subject to IRC §§ 401(a) or 401(k) for which employee pension benefit plans Hartford Life acts as a service provider on the date that the Court enters this Preliminary Approval Order and all trustees, sponsors, fiduciaries, and administrators of employee pension benefit plans covered by ERISA subject to IRC §§ 401(a) or 401(k) for which employee pension benefit plans Hartford Life acts as a service provider after the date the Preliminary Approval Order is entered.

3. The Court appoints Phones Plus, Inc., the sponsor and the plan administrator of the Phones Plus Retirement Savings Plan ("Phones Plus"), as the Class Representative for both the Monetary Relief Class and the Structural Changes Class (collectively, the "Settlement Classes"),

4. The Court appoints the following firms as counsel to the Settlement Classes: (a) Shepherd, Finkelman, Miller & Shah, LLP; (b) Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP; and (c) Law Offices of Steven Ross, P.A.

5. The terms of the Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate.

6. The Court approves, in form and content, the Long Form Notice and the Published Notice annexed as exhibits A and C, respectively, to the Agreement, and finds that the dissemination, mailing and Internet posting of the Long Form Notice and the publication of the Published Notice in the form set forth in the exhibits to the Agreement and as set forth herein, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the Rules of this Court, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Garden City Group, Inc. is hereby appointed Settlement Administrator to supervise and administer the notice process as well as to oversee the administration of the Settlement, as more fully set forth in the Agreement.

8. The Settlement Administrator may proceed with the distribution of the class notices as follows:

(a) Within 30 days of the entry of this Order, the Settlement Administrator shall send the Long Form Notice and the Instruction Form in accordance with section 2.5 of the Agreement.

(b) Between 37 and 44 days of the entry of this Order, the Settlement Administrator shall cause to be published once the Published Notice as set forth in paragraph 2.6 of the Agreement.

9. Any Monetary Relief Class Member may request exclusion from the Monetary Relief Class (but not from the Structural Changes Class, to the extent it qualifies as a Structural Changes Class Member) by expressly stating its request in a written exclusion request (the "Exclusion Request"). Exclusion Requests must be received by the Settlement Administrator by June 1, 2010, which is 14 days prior to the Final Approval Hearing. Structural Changes Class Members shall not be permitted to exclude themselves from the Structural Changes Class.

10. Any Member of the Settlement Classes who objects to any aspect of the Agreement or the amount of the attorneys' fees and costs that Phones Plus's Counsel has indicated it intends to seek may do so, either personally or through an attorney, by filing with the Court a written notice of objection, together with any supporting written or documentary materials with the Clerk of the Court on or before May 25, 2010, which is 21 days prior to the Final Approval Hearing.

11. Monetary Relief Class Members shall complete and submit an Instruction Form in accordance with paragraph 2.5 of the Agreement. Such Instruction Form must be received within 120 days of the date of entry of this order.

12. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement: (a) no Monetary Relief Class Member may, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or other action with respect to the Released Claims against any of the Hartford Life Released Parties; (b) Hartford Life may not, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or other action with respect to the Released Counter claims against Phones Plus or any Member of the Settlement Classes; and (c) Hartford Life may not, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or other action with respect to the Released Third-Party Claims against the Third-Party Defendants or any trustees, sponsors, fiduciaries, or administrators of any Member of the Settlement Classes.

13. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Structural Changes Class Member may, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or other action in any federal or state forum any claim with respect to (a) matters pertaining to or arising out of the solicitation, negotiation, or receipt of Revenue Sharing, (b) disclosures about Revenue Sharing, (c) assembly, substitution, addition, or removal of investment options from the Overall Menu, (d) Fund

Agreements, (e) operation of any Separate Accounts, (f) matters pertaining to disclosure and retention of Float, (g) the reinvestment of dividends paid by mutual funds, (h) sufficiency of the information about investment options, fees, and charges that is provided in connection with the operation of Hartford Life's retirement plan business, (i) contractual arrangements or conduct as a service provider with respect to any Structural Changes Class Member, including but not limited to any alleged rights, obligations, discretion or conduct by Hartford Life as a service provider claimed to give rise to fiduciary status on the part of Hartford Life with respect to Revenue Sharing, and (j) any actions arising out of or related to the negotiation or performance of the Settlement Agreement or matters related thereto.

14. The Court reserves the right to approve the Settlement with such modifications as may be agreed to by the parties and without further notice to Members of the Settlement Classes. The parties shall be permitted to make any jointly agreed, non-substantive corrections or changes to the notices to the Settlement Classes, the Instruction Form and other settlement documents without seeking further approval of the Court.

15. All papers in support of the Settlement shall be filed with the Court and served on or before May 25, 2010, which is 21 days prior to the Final Approval Hearing. If any objections to the Settlement are timely filed, responses to such objections shall be filed with the Court on or before June 8, 2010, which is 7 days prior to the Final Approval Hearing.

16. A hearing (the "Final Approval Hearing"), pursuant to Fed. R. Civ. P. 23(e), shall be held before the Court on June 15, 2010, at 11:00 a.m. in Courtroom 125 of the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, United States Courthouse, 450 Main Street, Hartford, Connecticut (or such adjourned time or times as the Court may without further notice direct):

(a) to determine whether to finally certify the Monetary Relief Class pursuant to Fed. R. Civ. P. 23(b)(3) and the Structural Changes Class pursuant to Fed. R. Civ. P. 23(b)(1);

(b) to determine whether the terms of the Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate and in the best interests of the Settlement Classes and should be approved by the Court;

(c) to determine whether the proposed Plan of Allocation for distributing the settlement proceeds among Monetary Relief Class Members should be approved by the Court;

(d) to consider the applications for attorneys' fees, costs, and Case Contribution Fees; and

(e) to hear and rule upon such other matters as the Court may deem appropriate.

DATED: 3/03/10

/s/ Alfred V. Covello, USDJ

THE HONORABLE ALFRED V. COVELLO
UNITED STATES DISTRICT JUDGE