## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

PHONES PLUS, INC, Plan Administrator
of the Phones Plus Retirement Savings Plan,
On Behalf of Itself and All Others Similarly
Situated,

      Plaintiff,

 vs.

HARTFORD LIFE INSURANCE COMPANY and
NEUBERGER BERMAN MANAGEMENT, LLC,

     Defendants.

2010 JUN 22  ☐ 2: 15

: Case No. 3:06-cv-1835 (AVC)

:

:

:

:

:

:

:

:

:

: June 15, 2010

### FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, on June 15, 2010, this Court conducted a hearing (1) to determine whether

to finally certify the Monetary Relief Class pursuant to Fed. R. Civ. P. 23(b)(3) and the Structural

Changes Class pursuant to Fed. R. Civ. P. 23(b)(1); (2) to determine whether the terms of the

Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable,

adequate and in the best interests of the Settlement Classes and should be approved by the Court;

(3) to determine whether the proposed Plan of Allocation for distributing the Settlement proceeds

among Monetary Relief Class Members should be approved by the Court; (4) to consider the

applications for attorneys' fees, costs and the Case Contribution Fee; and (5) to hear and rule

upon such other matters as the Court may deem appropriate (the "Final Approval Hearing");

WHEREAS, the Court was advised at the Final Approval Hearing that the Long Form

Notice in the form approved by the Court was provided to all Monetary Relief Class Members

pursuant to the terms of the Parties' Settlement Agreement and posted on the Settlement

Website, and that the Published Notice in the form approved by the Court was published in *The*

*Wall Street Journal* on April 9, 2010; and

WHEREAS, the Court, having considered all matters submitted to it at the Final Approval Hearing, including the arguments of counsel for the parties and counsel for any objectors;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Settlement Agreement, including the definitions contained therein, is incorporated by reference in this Final Approval Order and Judgment.

2.     The Court has jurisdiction over the subject matter of the Action, Plaintiff, Phones Plus, Inc., all the Members of the Settlement Classes, Defendant, Hartford Life Insurance Company, and the Third-Party Defendants.

3.     Pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby finally certifies, for purposes of effectuating the Settlement only, a Monetary Relief Class consisting of all current and former trustees, sponsors, fiduciaries, and administrators of employee pension benefit plans covered by the Employee Retirement Income Security Act of 1974 ("ERISA") subject to Internal Revenue Code ("IRC") §§ 401(a) or 401(k) for which employee pension benefit plans Hartford Life has acted as a service provider at any time from November 14, 2003 through March 1, 2010.

4.     Pursuant to Fed. R. Civ. P. 23(b)(1), the Court hereby certifies, for purposes of effectuating the Settlement only, a Structural Changes Class consisting of all trustees, sponsors, fiduciaries, and administrators of employee pension benefit plans covered by ERISA subject to IRC §§ 401(a) or 401(k) for which employee pension benefit plans Hartford Life acts as a service provider on March 1, 2010 and all trustees, sponsors, fiduciaries, and administrators of employee pension benefit plans covered by ERISA subject to IRC §§ 401(a) or 401(k) for which employee

-2-

pension benefit plans Hartford Life acts as a service provider after March 1, 2010.

5.     The Court appoints Phones Plus, Inc., the sponsor and the plan administrator of the Phones Plus Retirement Savings Plan ("Phones Plus"), as the Class Representative for both the Monetary Relief Class and the Structural Changes Class (collectively, the "Settlement Classes").

6.     The Court appoints the following firms as counsel to the Settlement Classes: (a) Shepherd, Finkelman, Miller & Shah, LLP; (b) Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP; and (c) Law Offices of Steven Ross, P.A.

7.     The Court finds that Hartford Life has complied with the notice requirements of 28 U.S.C. § 1715 and has previously filed a notice confirming its compliance.

8.     The Long Form Notice was provided to all Monetary Relief Class Members who could be identified with reasonable effort, and the Published Notice was published in *The Wall Street Journal* on April 9, 2010. The form and method of notifying the Settlement Classes of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

9.     A total of nineteen plans opted to exclude themselves from the Monetary Relief Class. A list of the plans that have validly excluded themselves from the Monetary Relief Class is attached as Exhibit "1" hereto.

10.    No valid objections to the Settlement were filed. The Court was made aware that two letters containing complaints about the Settlement were mailed to Class Counsel, and those

-3-

letters were part of the materials submitted by Class Counsel for the Court's consideration. The Court has reviewed both of those objections, and finds that, even if these objections had been properly filed, they are meritless, and therefore the Court overrules both of those objections.

11.     The Settlement is approved as fair, reasonable and adequate, and the Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

12.     The Plan of Allocation is also hereby approved as fair, reasonable and adequate.

13.     The Action, Counterclaims, and Third-Party Claims are hereby dismissed with prejudice in their entirety and without an award of costs.

14.     As a result of Hartford Life's agreement to implement the actions described in Section IV of the Settlement Agreement, and for so long as Hartford Life continues to abide by the practices described in Section IV of the Settlement Agreement, the Court makes the following findings of fact:

(a)     Hartford Life is not a fiduciary with respect to the receipt of Revenue Sharing within the meaning of any of the subsections of 29 U.S.C. § 1002(21)(A);

(b)     With respect to Hartford Life's future receipt of Revenue Sharing in connection with any Structural Changes Class Member:

(i)     Hartford Life does not exercise any discretionary authority or discretionary control respecting management of any Structural Changes Class Member, and does not exercise any authority or control respecting the management or disposition of any the Structural Changes Class Member's assets;

(ii)     Hartford Life does not render investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or property of any Structural

-4-

Changes Class Member, nor does it have any authority or responsibility to do so; and

        (iii)    Hartford Life does not have any discretionary authority or discretionary responsibility in the administration of any Structural Changes Class Member.

        15.    Based on the findings of fact in paragraph 14 above, the Court declares that Hartford Life is not a fiduciary, within the meaning of any subsection of 29 U.S.C. § 1002(21)(A), with respect to the receipt of Revenue Sharing. In addition, the Court declares and finds that Hartford Life's compliance with the terms of the Settlement Agreement shall not constitute a breach of fiduciary duty, a violation of any prohibited transaction rule, or any violation of ERISA in any respect. The Court is not finding that, in the absence of the changes described in Section IV of the Settlement Agreement, Hartford Life was a fiduciary with respect to receipt of Revenue Sharing, breached its fiduciary duty, violated any prohibited transaction rule, or was otherwise in violation of ERISA in any respect.

        16.    (a) For purposes of this paragraph 16, the following definitions (which are identical to the definitions contained in the Settlement Agreement) shall apply:

        "Hartford Life Released Parties" shall mean Hartford Life and each of its present, past, and future predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, officers, directors, committees, employees, fiduciaries, administrators, actuaries, agents, insurers, representatives, attorneys, retained experts and trustees.

        "Released Claims" shall mean any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown (including Unknown Claims), whether legal, statutory, equitable or of any other type or form, whether under federal or state law, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in

-5-

connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have

been alleged or referred to or could have been alleged in the Action, including in any court filing

or any discovery request or response, including but not limited to (a) matters pertaining to or

arising out of the solicitation, negotiation, or receipt of Revenue Sharing, (b) disclosures about

Revenue Sharing, (c) assembly, substitution, addition, or removal of investment options from the

Overall Menu, (d) Fund Agreements, (e) operation of any Separate Accounts, (f) matters

pertaining to disclosure and retention of Float, (g) the reinvestment of dividends paid by any

Fund Company, (h) sufficiency of the information about investment options, fees, and charges

that is provided in connection with the operation of Hartford Life's retirement plan business, (i)

contractual arrangements or conduct as a service provider relating to any Monetary Relief Class

Member, including but not limited to any alleged rights, obligations, discretion or conduct by

Hartford Life as a service provider claimed to give rise to fiduciary status on the part of Hartford

Life with respect to Revenue Sharing, and (j) any actions arising out of or related to the

negotiation or performance of the Settlement Agreement or matters relating thereto.

"Released Counterclaims" shall mean any and all claims, liabilities, demands,

causes of action, or lawsuits, known or unknown (including Unknown Claims), whether legal,

statutory, equitable or of any other type or form, whether under federal or state law, and whether

brought in an individual, representative or any other capacity, that in any way relate to or arise

out of acts, omissions, facts, statements, matters, transactions, or occurrences that have been

alleged or referred to or could have been alleged in the Action.

"Released Third-Party Claims" shall mean any and all claims, liabilities, demands,

causes of action, or lawsuits, known or unknown (including Unknown Claims), whether legal,

-6-

statutory, equitable or of any other type or form, whether under federal or state law, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of acts, omissions, facts, statements, matters, transactions, or occurrences that have been alleged or referred to or could have been alleged in the Action, including in any court filing or any discovery request or response.

(b)  Upon the occurrence of the Effective Date, (a) all Monetary Relief Class Members are permanently enjoined from, either directly, representatively, or in any other capacity, prosecuting, instituting, or commencing any individual, class, or other action with respect to the Released Claims against any of the Hartford Life Released Parties; (b) Hartford Life is permanently enjoined from, either directly, representatively, or in any other capacity, prosecuting, instituting, or commencing any individual, class, or other action with respect to the Released Counterclaims against Phones Plus or any Member of the Settlement Classes; and (c) Hartford Life is permanently enjoined from, either directly, representatively, or in any other capacity, prosecuting, instituting, or commencing any individual, class, or other action with respect to the Released Third-Party Claims against the Third-Party Defendants or any trustees, sponsors, fiduciaries, or administrators of any Member of the Settlement Classes.

17.     For as long as Hartford Life continues to comply with Section IV of the Settlement Agreement, all Structural Changes Class Members are permanently enjoined from instituting, maintaining, prosecuting, suing, or asserting in any action or proceeding in any federal or state forum any claim with respect to matters that have been alleged or referred to or could have been alleged in the Action, including in any court filing or any discovery request or response, including but not limited to (a) matters pertaining to or arising out of the solicitation,

negotiation, or receipt of Revenue Sharing, (b) disclosures about Revenue Sharing, (c) assembly, substitution, addition, or removal of investment options from the Overall Menu, (d) Fund Agreements, (e) operation of any Separate Accounts, (f) matters pertaining to disclosure and retention of Float, (g) the reinvestment of dividends paid by mutual funds, (h) sufficiency of the information about investment options, fees, and charges that is provided in connection with the operation of Hartford Life's retirement plan business, (i) contractual arrangements or conduct as a service provider with respect to any Structural Changes Class Member, including, but not limited to, any alleged rights, obligations, discretion or conduct by Hartford Life as a service provider claimed to give rise to fiduciary status on the part of Hartford Life with respect to Revenue Sharing, and (j) any actions arising out of or related to the negotiation or performance of the Settlement Agreement or matters related thereto.

18.     In recognition of its work, the time and expenses incurred on behalf of the Members of the Settlement Classes and the value of the results achieved on behalf of the Members of the Settlement Classes, pursuant to the terms of the Settlement Agreement, Plaintiff shall be entitled to receive a Case Contribution Fee in the amount of $25,000, and counsel to the Settlement Classes shall be entitled to receive reasonable attorneys' fees, expenses and costs in the amount of $6,862,500.

19.     Without affecting the finality of this Final Approval Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Distributable Settlement Amount, including interest earned thereon; and (b) the Parties for purposes of construing, enforcing and administering the Settlement Agreement.

-8-

20.     Pursuant to Section 3.3 of the Settlement Agreement, any funds associated with checks that are not cashed within ninety (90) days of issuance, and any funds that cannot be distributed to Monetary Relief Class Members for any other reason, together with interest earned on them, and after the payment of any applicable taxes by the Escrow Agent, shall be donated to an appropriate *cy pres* charity.  Plaintiff shall file an application to distribute these funds, as well as any similar remaining amounts from the prior settlement with Neuberger Berman LLC, to an appropriate charity within one hundred and eighty (180) days of the date of this Order, or as soon thereafter as practicable.  Plaintiff shall meet and confer with Defendants prior to filing any application and the parties shall make every effort to agree in good faith upon the identity to appropriate *cy pres* recipient(s) for consideration by the Court.


DATED: June 22, 2010

/s/ Alfred V. Covello, USDJ

THE HONORABLE ALFRED V. COVELLO
UNITED STATES DISTRICT JUDGE